IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTHONY JERMAINE WASHINGTON                                                    PLAINTIFF

v.                                      Case No. 1:25-cv-1046

KASEY SANDFORD; and
DR. DEANA HOPSON                                                               DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable Spencer G. Singleton, United States Magistrate Judge for the Western District of Arkansas. ECF No. 24. Defendants have filed timely objections to the R&R. ECF No. 25. The Court finds the matter ripe for consideration.

On June 16, 2025, Plaintiff filed his initial Complaint in this Court. ECF No. 1. On July 7, 2025, Plaintiff filed his Amended Complaint. ECF No. 7. The Amended Complaint alleges that Defendants denied him constitutionally adequate medical care regarding an allergic reaction to medication he received while detained in the Union County Detention Center in El Dorado, Arkansas. On October 16, 2025, Defendant filed a Motion to Dismiss and accompanying Brief in Support. ECF Nos. 14 & 15. Defendants first argue that Plaintiff failed to allege facts sufficient to establish a denial of medical care claim against them. Defendants also attach what they assert are Plaintiff's relevant medical records (ECF No. 15-1) and argue that the records were embraced by the Amended Complaint and affirmatively demonstrate that Defendants were not deliberately indifferent to Plaintiff's medical needs. Plaintiff responded in opposition, asserting new factual allegations that were not included in his Amended Complaint. ECF No. 22. Defendants replied, arguing that Plaintiff cannot add new factual allegations to cure the Amended Complaint's

deficiencies when responding to a motion to dismiss and that the facts alleged in the Amended Complaint remain insufficient to state a denial of medical care claim.  ECF No. 23.

In the R&R, Judge Singleton first agrees with Defendants that the Amended Complaint does not contain the requisite allegations that Defendants were aware of Plaintiff's serious medical need.  However, Judge Singleton notes that the new facts alleged in Plaintiff's Response would cure the claim's deficiencies regarding Defendant Sanford, but not for Defendant Hopson.  Further noting the principle that pro se filings must be construed liberally, Judge Singleton interprets Plaintiff's response as a motion to amend the Amended Complaint, grants the requested amendment, and directs the Clerk to label Plaintiff's response as a Supplement to the Amended Complaint.  With the additional facts alleged in the Supplement sufficiently stating a denial of medical care claim against Defendant Sanford, Judge Singleton recommends that Defendants' Motion to Dismiss be granted in part and denied in part—with the claim against Defendant Hopson being dismissed without prejudice and the claim against Defendant Sanford being permitted to proceed.  Additionally, Judge Singleton determines that the medical records attached to Defendant's Motion to Dismiss should not be considered because they are not materials necessarily embraced by the complaint.  Judge Singleton explains that the extent of Plaintiff's reference to his medical records in his Amended Complaint is the "(review medical records)" parenthetical after the estimated dates when Defendants allegedly denied him medical care.  ECF No. 7, p. 4.  Judge Singleton determines that this passing reference is insufficient to consider the medical records as materials embraced by Plaintiff's pleading.

In objection, Defendants first reiterate their arguments from their Motion to Dismiss that Plaintiff cannot add new allegations in response and that the Amended Complaint contains insufficient factual allegations.  Defendants also contest Judge Singleton's determination that the

medical records are not embraced by the Amended Complaint.  Defendants contend that Plaintiff's failure to object to the inclusion of the records in his Response is an admission that those records were embraced by his Amended Complaint.  Defendants then incorporate their previous argument regarding these records.

Upon review, the Court finds that Judge Singleton's assessment and conclusions are proper.  Though Defendants are correct that new allegations cannot be added in a response to a motion to dismiss, *Hawse v. Page*, 7 F.4th 685, 691 (8th Cir. 2021), courts must also liberally construe pro se filings, *U.S. v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014).  Thus, the Court sees no error in Judge Singleton interpreting Plaintiff's Response as a motion to amend his pleading.  Further, "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillsheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 955 (8th Cir. 2001).  Just as Judge Singlton concluded, the Court finds no circumstances that warrant denying Plaintiff's request to amend. The Court also agrees with Judge Singleton's assessment that the new facts alleged by Plaintiff are satisfactory to state a claim for denial of medical care against Defendant Sanford but not Defendant Hopson.  Additionally, the Court agrees that Plaintiff's singular and non-substantive reference to his medical records in the Amended Complaint is not adequate to render those records material that the court may consider in evaluating Defendants' Motion to Dismiss.  *See Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (noting that a court may consider materials "whose *contents* are alleged in a complaint" when deciding a motion to dismiss) (emphasis added).

Accordingly, for the reasons stated above, the Court hereby adopts Judge Singleton's R&R

3

(ECF No. 24) in toto.  Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claim against Defendant Dr. Deana Hopson is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claim against Defendant Kasey Sanford may proceed.

**IT IS SO ORDERED**, this 15th day of June, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge